```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| PORT SULFUR BAPTIST CHURCH | CIVIL ACTION |
| VERSUS | NO. 06-8724 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is State Farm's motion for new trial on remand order.  For the reasons that follow, the motion is DENIED.

The plaintiff filed a motion to remand this action to state court on December 18, 2006 solely on the basis that the Court lacked subject matter jurisdiction.  The motion was set for hearing before this Court on January 17, 2007.  State Farm never filed an opposition to the remand motion in conformance with the local rules.  Three days after State Farm's opposition was due, on January 12, 2007, this Court granted the plaintiff's motion to remand.  Now State Farm moves the Court to reconsider this ruling, arguing that State Farm was not notified of the hearing and that plaintiff's motion lacks merit.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed

1

after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*). Rule 6(a) of the Federal Rules of Civil Procedure excludes weekends and holidays from computation when the period of time allowed for filing is less than eleven days.  State Farm filed this motion for new trial on January 26, 2007, within ten days of entry of the Court's January 12 Order granting remand.  Therefore, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United

States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

Because it was not raised by the parties, the Court must raise on its own the issue of the Court's jurisdiction to review its remand order.  Finality is paramount in the context of review of remand orders.  Indeed, 28 U.S.C. § 1447(d) generally bars review of remand orders:  "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[1]  Where the district court remands a case for lack of subject matter jurisdiction (a "non-reviewable remand order"), the Fifth Circuit has determined that the district court "is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court."  See In re Shell Oil Company, 932 F.2d 1523, 1528 (5th Cir. 1991) (quoting Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984)).

---

[1] The Fifth Circuit has noted that "[w]hen a remand is ordered under § 1447(c), the remand order is not reviewable, even if a court employs erroneous principles in concluding that it is without jurisdiction under § 1447(c).  See Smith v. Texas Children's Hospital, 172 F.3d 923 (5th Cir. 1999) (citing Gravitt v. Southwestern Bell Tel. Co., 430 U.S. 723, 723-24 (1977) (per curiam)).

Here, a certified copy of the remand order was mailed to the state court, at the latest, on the day the Court's remand order was entered (January 16, 2007). The plaintiff moved to remand this case solely on the ground that this Court lacked subject matter jurisdiction. Determining that the plaintiff's argument had merit, the Court granted the motion, and the case was remanded. State Farm fails to persuade the Court that it has jurisdiction to review its remand order.

To the extent State Farm argues that the Court's remand order was not based on Section 1447(c), the Court disagrees. However, even if this Court had jurisdiction to review its own order, the Court finds the Rule 59 motion to be without merit. Because the State Farm has failed to present newly discovered evidence and has failed to show that there was a mistake of law or fact, Court is not persuaded to reconsider its January 12, 2007 Order remanding the case. There is nothing in State Farm's motion for new trial that could not have been presented to the Court earlier. The Court found that the plaintiff's motion to remand based on lack of subject matter jurisdiction had merit.[2] State Farm failed to

---

[2] State Farm now suggests that the plaintiff's motion to remand was without merit because the defendant adjusters were fraudulently joined and that the Court "should not allow this ploy to succeed." But State Farm bears a heavy burden to show improper joinder; it failed to discharge this burden in opposing the plaintiff's remand motion. It now fails to present new evidence or legal arguments to convince the Court to reconsider its remand order. State Farm's presentation that this Court alternatively has subject matter jurisdiction under the

4

convince the Court otherwise in an opposition; indeed, State Farm filed no opposition and failed to acknowledge that the plaintiff had filed a remand motion until more than one month after the motion to remand was filed (and two weeks after the Court granted the motion to remand).[3]

State Farm's efforts to convince the Court to compromise judicial economy by relitigating an issue that the Court has already decided (namely, that the Court lacks subject matter jurisdiction) are unavailing.

Accordingly, State Farm's motion for new trial on remand order is DENIED.

New Orleans, Louisiana, February 14, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Multiparty, Multiforum Trial Jurisdiction Act likewise fails to persuade the Court to grant State Farm the extraordinary remedy of reconsideration.

[3] As for its suggestion that State Farm was never notified of the remand hearing, State Farm fails to offer the Court any explanation, other than a suggestion of State Farm's own inadvertence in marking its calendar.  State Farm says "[t]here is some question as to whether counsel received notice of the hearing...[i]n any case, the date failed to get put on the calendar and as such counsel was unaware as to when the Opposition to the Motion to Remand was due."  This excuse falls short of warranting the extraordinary remedy of reconsideration.